UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SANSONE GROUP DDR LLC, for | ) | |
| MARYVILLE GARDENS APTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2298-JAR |
| | ) | |
| WILMA M. PENNINGTON-THURMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following pro se defendant Wilma M. Pennington-Thurman's second notice of removal. For the following reasons, the Court will order the Clerk of Court to remand this action back to the Circuit Court of the City of St. Louis, Associate Judge Division.

**Legal Standard**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters. Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and citation omitted). Statutes conferring diversity jurisdiction and removal statutes are to be strictly construed. *See Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Indep.*

*Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Id.*

## Background

On May 7, 2019, plaintiff Sansone Group DDR LLC ("Sansone") filed a petition in the 22nd Judicial Circuit Court of the City of St. Louis, Associate Circuit Division, alleging that defendant Wilma M. Pennington-Thurman ("Pennington-Thurman") breached a written residential lease. *See Sansone Group LLC v. Pennington-Thurman,* No. 1922-AC05827 (22nd Jud. Cir. 2019). Sansone sought judgment under Missouri state law for $1,800 in unpaid rent, along with possession of the premises.

On May 28, 2019, Pennington-Thurman filed a notice of removal, which was docketed as a new case, *Sansone Group DDR LLC v. Pennington-Thurman*, No. 4:19-CV-1432-JAR ("*Pennington-Thurman I*"). Sansone filed a motion to remand, which the Court granted. *See Pennington-Thurman I* at ECF No. 8. The Court found that there was no federal question jurisdiction, therefore, if jurisdiction existed at all it must be predicated upon diversity of citizenship. However, the Court found the parties were not diverse and the amount in controversy was below the judicial threshold. *Id.* at 3. The Court remanded the case to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Circuit Division. *Id.*

## Discussion

On August 5, 2019, Pennington-Thurman filed a second notice of removal in this Court. This notice of removal was docketed in the instant case, *Sansone Group DDR LLC v. Pennington-Thurman*, No. 4:19-CV-2298-JAR (E.D. Mo. filed Aug. 5, 2019). In her second notice of removal, defendant states, "This is an action under the Class Action Fairness Act (CAFA). This gives this court jurisdiction over civil actions in which the matter in controversy exceeds the same or value

of $5,000,000 exclusive of interest and cost, the proposed class consists of more than 100 members and 'any member of the class of plaintiffs is a citizen of a state different from any defendant.'" *Id.* at ECF No. 1. Defendant's second notice of removal also seeks "certification of a class of all current and former tenants of Maryville Gardens Apartments," which the Court construes as a motion to certify a class.

Defendant's motion to certify a class action will be denied, and this case will again be remanded to the Circuit Court of the City of St. Louis. Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Additionally, a litigant may bring her own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se."). Moreover, even if defendant could adequately represent a class, a counterclaim "cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see also First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) (a counterclaim cannot establish "arising under" jurisdiction).

Because the Court has previously found it lacks subject matter jurisdiction over this case (*see Pennington-Thurman I*, No. 4:19-CV-1432-JAR at ECF 8 (E.D. Mo. Jun. 27, 2019)), and because defendant, a pro se litigant, cannot bring a class action counterclaim against plaintiff pursuant to CAFA, this action will be remanded to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division, pursuant to 28 U.S.C. § 1447(c). A separate order of remand will be entered herewith.

Dated this 9th day of August, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**